# Commonwealth v. Croson, Appellant.

*Criminal law—Homicide—Self defense—Evidence — Cross-examination—Reputation—Charge to jury—Inadequate charge.*

1. On the trial of an indictment for murder where the defendant admitted the killing but contended that the act was done in self defense, and it appeared that defendant had been the host at a party at which deceased was present; that deceased had acted in an outrageous and violent manner, using vile language and assaulting other members of the party; that when deceased had gone outside the house, several shots were heard; that after being induced by defendant to leave the house he had come back and approached defendant, who was seated by the fire, threatening to kill him, whereupon defendant raised his shotgun and shot deceased dead, the court erred in limiting the cross-examination of the witnesses for the Commonwealth to what took place at the

particular instant when the shots were fired. It was the right of the defendant to have all the facts connected with the shooting fully and fairly disclosed by the prosecution, as well as by any witness which he might call in his behalf.

2. Where in such case defendant offered evidence of good character the court erred in permitting the defendant to be cross-examined as to whether or not he had made statements years before to the effect that he had shot a woman; and in allowing the Commonwealth to offer evidence in rebuttal of defendant's denial that he had made such a statement, without any offer to prove that he had actually done such a thing. The evidence was not competent as affecting his reputation for good character at the time of the commission of the homicide or for years preceding it.

3. The charge to the jury in such case was inadequate where the jury were merely told that defendant in his own house had rights that would not attach to one outside with means of fleeing or escaping but were given no adequate explanation of the rights of one who, without fault of his own, is assaulted in his own dwelling house by one who has no right to be there at the time, and a judgment upon a verdict of guilty of murder of the first degree was reversed.

Argued Oct. T., 1913. Appeal, No. 277, Jan. T., 1913, by defendant, from judgment by O. & T. Fayette Co., March T., 1913, No. 18, on verdict of guilty of murder of the first degree in case of Commonwealth v. Isaiah Croson. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Indictment for murder. Before UMBEL, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict of guilty of murder of the first degree upon which sentence of death was passed.

*Errors assigned* were (1-4) in unduly limiting the scope of the cross-examination of certain witnesses for the Commonwealth; (5) in permitting the defendant to be cross-examined with reference to his having told three persons that he had shot a woman; (6) in admitting evidence to rebut defendant's denial that he had made

such statement; (7, 15, 16) various rulings of the trial judge; (8-14) various instructions to the jury.

*A. E. Jones,* with him *F. C. Newcomer,* for appellant. —It was the duty of the Commonwealth to introduce sufficient testimony to enable the jury intelligently to determine what the real facts were: Rice v. Com., 102 Pa. 408; Com. v. Keller, 191 Pa. 122; Com. v. Karamarkovic, 218 Pa. 405.

It was not proper to ask a defendant on cross-examination if he did not say to three persons eleven years before the commission of a crime for which he was being tried, that he had shot a woman: Snyder v. Com., 85 Pa. 519; Com. v. Gibbons, 3 Pa. Superior Ct. 408; Shaffner v. Com., 72 Pa. 60; Hildeburn v. Curran, 65 Pa. 59.

*S. J. Morrow,* Assistant District Attorney, with him *W. A. Miller,* Assistant District Attorney, and *S. R. Shelby,* District Attorney, for appellee.—The rulings of the court limiting the cross-examination of the Commonwealth's witnesses was proper: Floyd v. Bovard, 6 W. & S. 75; Com. v. Gentry, 5 Pa. D. R. 703; Com. v. Nicely, 130 Pa. 261.

It was not error to permit the cross-examination of the defendant as to his statements about the shooting of a woman, as he had offered evidence of good character: Turbett Twp. v. Port Royal Boro., 33 Pa. Superior Ct. 522; Rex v. Preston, L. R. 1 King's Bench Div. (1909) 568; Rex v. Hudson, L. R. 2 King's Bench Div. (1912) 464; Rex v. Ferguson, 2 Criminal Appeal Rep. 250; Rex v. Jones, 3 Criminal Appeal Rep. 67; Com. v. Racco, 225 Pa. 113; People v. Giblin, 115 N. Y. 196; People v. McCormick, 135 N. Y. 663; People v. Webster, 139 N. Y. 73; People v. Hooghkerk, 96 N. Y. 149; State v. Wentworth, 65 Maine 234; State v. Ober, 52 New Hampshire 459; King v. United States, 112 Federal Repr. 988; Com. v. Cunningham, 232 Pa. 609; McClain v. Com., 110 Pa.

263; Com. v. Orr, 138 Pa. 276; Com. v. McGowan, 189 Pa. 641; Com. v. Karamarkovic, 218 Pa. 405.

OPINION BY MR. JUSTICE POTTER, January 5, 1914:

In the first, second, third and fourth assignments of error here presented, counsel for appellant complain of the trial court for limiting unduly· the scope of the cross-examination of certain of the witnesses for the Commonwealth.

Our examination of the record leaves us under a strong impression that the district attorney in his direct examination of his witnesses failed to bring out all the material facts and circumstances leading up to the shooting, and further than that, by his objections which were sustained by the court, he prevented counsel for the defendant from showing them upon cross-examination. This was manifestly to the disadvantage of appellant. The district attorney in examining his witnesses seemed to take many things for granted. In putting his questions he assumed the fact of the shooting, and the place where it was done, and undertook to confine the testimony to just what took place at the particular instant when the shots were fired. Then when counsel for defendant on cross-examination sought to draw from the witnesses a statement of other things that had occurred during the evening, and previous to the shooting, the objection of the district attorney thereto was sustained. The defense was that the shooting was done in self defense. The defendant was at the time in his own house, and was the host at a birthday party. Among others who were present, was one Henry Brooks, who acted in an outrageous and violent manner, using vile language and assaulting the young woman with whom he had come to the party, and threatening to kill her. He also assaulted the wife of defendant, striking her, and drawing a revolver, and with vile and profane language threatening to blow her brains out. The evidence tends to show that Brooks went outside with his

revolver, and that two or three shots were then heard.. Later, after much trouble, the defendant induced Brooks to leave the house, but he came back, and according to the testimony of defendant was approaching him threat- ening to kill him, when defendant who was at the time sitting in a chair by the fire, raised his shot gun and shot Brooks dead. To the defendant relying upon his plea of self defense and his rights as a householder against a dangerous intruder, the circumstances which. led up to the shooting were most material, and he was fairly entitled to have them shown to the jury at the threshold of the case. The bane and the antidote if any there was, should have been shown as nearly together as possible. The defendant was entitled to have the jury know, from the mouths of the witnesses for the Com- monwealth, if they possessed the information, what the actions of Brooks had been just before the shooting, and during the evening. It was the right of the defendant to have all the facts connected with the shooting fully and fairly disclosed by the prosecution, as well as by wit- nesses which he might call in his own behalf. By his objection to the cross-examination of his witnesses, the district attorney seems to have prevented this. We, therefore, sustain the first four assignments of error.

Evidence of good character was offered on behalf of the defendant, and in an effort to offset this, the defend- ant was asked if he had not told certain persons that he had shot a woman. He denied ever having said so. To contradict him as to this statement, witnesses were called who said that he had said, some eleven years ago, that he had shot a woman. There was no attempt by the Commonwealth to prove that he had really done any such thing, but only that he had said that he had. If he did make such a statement, it might have been in mere braggadocio. Or the shooting if done, might have been accidental, or without criminal intent. In any event the evidence was as to a remark alleged to have been made some eleven years ago, and it was not competent as af-

fecting his reputation for good character at the time of the commission of the alleged homicide, or for years preceding it. Yet, the trial judge in his charge to the jury referred to this evidence in a way that may have been very prejudicial to the defendant. The fifth and sixth assignments are therefore sustained.

We feel too that it would have been in the interest of justice if the court below had instructed the jury as to the rights of a householder as against a violent and dangerous intruder. While the jury were told that the defendant in his own house had rights that would not attach to one outside with means of fleeing or escaping, yet there was no adequate explanation of the rights of one who without fault of his own, is assaulted in his own dwelling house by one who has no right to be there at the time.

The judgment is reversed with a venire facias de novo.